338 F.2d 967
 GREAT WESTERN DISTRIBUTING COMPANY, a corporation, and Earl C. Jasper, individually and as an officer of said corporation, and Edward J. Carr, an individual, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 19194.
 United States Court of Appeals Ninth Circuit.
 November 17, 1964.
 Rehearing Denied December 22, 1964.
 
 Paul C. Keeton, Lewiston, Idaho, for petitioners.
 James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Charles C. Moore, Jr., W. Risque Harper, Attys., F. T. C., Washington, D. C., for respondent.
 Before HAMLEY, JERTBERG and MERRILL, Circuit Judges.
 MERRILL, Circuit Judge.
 
 
 1
 Petitioners ask us to set aside an order of the Federal Trade Commission prohibiting them from "Selling or distributing in commerce * * * punchboards or other devices, either with merchandise or separately, which are designed or intended to be used in the sale or distribution of merchandise to the public by means of a game of chance, gift enterprise or lottery scheme."
 
 
 2
 Petitioners contend that by the words "designed or intended" the order is made overbroad, and that these words should be stricken. They assert that the prohibition should be limited to sale of merchandise or deals[1] which are to be used in lottery schemes and not extended to those which may be so used without their control or knowledge.
 
 
 3
 The order is not overbroad, however, when read in the light of language used in the Commission's opinion pursuant to which the order was issued. There the following enforcement policy was announced:
 
 
 4
 "Mounting merchandise on a board for display purposes is a neutral device which may be useful in many sales situations not involving the sale or distribution of the goods so mounted by a game of chance or lottery device. In those instances, where the deals on their face indicate no other purpose than display, these devices will not, without more, be construed as coming within the terms of the order's prohibition. Where a deal has obvious utility for legal uses, we will not hold such a device as inherently designed or intended for the prohibited use, although it could be employed for illegal purposes. In this connection, we note that deals as such are not basic to the illegal practices which the Commission has challenged in this proceeding.
 
 
 5
 "On the other hand, if the design of the board indicates by the legend affixed thereto, or in some other manner, that it has been arranged to facilitate the merchandising of products by way of gambling schemes or lottery devices, or if a deal is sold in conjunction with punchboards or other devices with inherent appeal to the public's gambling instinct, then the Commission may well determine, depending on other relevant facts, that the sale of deals under such circumstances is within the scope of the order's prohibition."
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 A "deal" is a trade term for merchandise mounted and numbered by the distributor on a large board for use with punchboards having more than one winning number